```
                    IN THE UNITED STATES DISTRICT COURT
                          FOR THE DISTRICT OF KANSAS
```

**PIDY T. TIGER,**

                              **Petitioner,**

           **v.**                                              **CASE NO. 19-3088-SAC**

**SAM CLINE,**

                              **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court grants Petitioner's motion for leave to proceed *in forma pauperis*. (Doc. 2.) The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and has identified several deficiencies.

**Background**

On October 26, 2012, a jury convicted Petitioner of rape and aggravated indecent liberties with a child. *State v. Tiger*, 2015 WL 1513955, at *3 (Kan. Ct. App. 2015) (*Tiger I*). Five days later, trial counsel filed a motion for new trial, arguing that the district court had erred by denying a pretrial motion to dismiss on speedy trial grounds. *Id.* The court appointed substitute counsel, hereinafter referred to as motion counsel, who appeared at an evidentiary hearing and argued that trial counsel had provided ineffective assistance by obtaining continuances against Petitioner's wishes. *Id.* at *5-6. The court denied the motion, and, on July 8, 2013, it sentenced Petitioner to life without possibility

of parole for 25 years. *Id.* at *6.

Petitioner timely appealed to the Kansas Court of Appeals (KCOA), which ultimately rejected his claims and affirmed his convictions and sentences. *Id.* at *17. Petitioner filed a timely petition for review with the Kansas Supreme Court (KSC), but on June 16, 2015, he voluntarily withdrew the petition. See Kansas Clerk of the Appellate Courts Case Events Database, No. 110,278.

Petitioner timely filed a pro se motion for habeas relief under K.S.A 60-1507. *Tiger v. State*, 2018 WL 4376775 (Kan. Ct. App. 2018) (*Tiger II*), *rev. denied* April 29, 2019. Therein, he asserted over 20 claims for relief, including trial court errors, insufficient findings by the 60-1507 court, and ineffective assistance of counsel. *Id.* at *1-2. Before the district court ruled on that motion, however, Petitioner filed a second motion for new trial, and it appears the 60-1507 proceedings paused while the district court resolved and eventually denied the motion for new trial. See *Id.* at *1; *State v. Tiger*, 2018 WL 671374, at *1-2 (Kan. Ct. App. 2018) (*Tiger III*), *rev. denied* Oct. 30, 2018. On appeal from that denial, the KCOA affirmed and, on October 30, 2018, the KSC denied Petitioner's petition for review. *Id.* at * 1, 5.

Meanwhile, the district court appointed counsel and conducted a non-evidentiary hearing on Petitioner's 60-1507 motion, after which it denied the motion in its entirety. *Tiger II*, 2018 WL 4376775, at *1-2. Petitioner appealed. Among other things, the KCOA held that Petitioner's claims of ineffective assistance of trial counsel were procedurally barred because the trial court "conducted a full evidentiary hearing regarding his ineffectiveness of trial counsel claims" so "had his day on court on this issue." *Id.* at *4.

The KCOA affirmed the denial of Petitioner's claims of ineffective assistance of his other counsel on their merits and affirmed the denial of the 60-1507 motion. *Id.* at *4-8, 10. The KSC denied review on April 29, 2019.

While the appeal of his first 60-1507 motion was pending, Petitioner filed a second and third 60-1507 motion in the district court. See *State v. Tiger*, 2021 WL 1045178, at *2 (Kan. Ct. App. 2021) (*Tiger IV*), *petition for rev. filed* April 19, 2021. The district court denied the second 60-1507 motion and Petitioner appealed, but his appeal was dismissed for failure to docket. *Id.* The district court denied the third 60-1507 motion as untimely and successive, and Petitioner filed a motion for reconsideration. *Id.* at *3. Petitioner then filed a fourth 60-1507 motion, which the district court denied, a fifth 60-1507 motion, and a sixth 60-1507 motion. *Id.*

On May 8, 2019, while Petitioner's most recent 60-1507 motions were in the district court, Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) He also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.)

In February 2020, the Kansas district court denied Petitioner's motion to reconsider the denial of his third 60-1507 motion and it denied his fifth and sixth 60-1507 motions, which it held failed to present substantial questions of law or fact and were untimely, successive, and barred by res judicata. *Tiger IV*, 2021 WL 1045178, at *3. Petitioner appealed and the KCOA affirmed, holding that the district court correctly found the motions untimely and Petitioner had failed to "overcome the bar of untimeliness."

*Id.* at *7. Petitioner filed a petition for review by the KSC on April 19, 2021.

As stated above, the Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner is directed to show cause why Grounds 1, 2, 7, 8, and 9 of the petition should not be dismissed for the reasons stated below.

**Failure to State a Claim that is Actionable in Habeas**

"[I]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted). The United States Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *See Stone v. Powell*, 428 U.S. 465, 494 (1976).

### Ground 1

In Ground 1, Petitioner contends that police lacked probable cause to arrest him and the State used evidence illegally obtained from that arrest to convict him. (Doc. 1, p. 6.) Although Petitioner does not identify the federal Constitutional right he believes was violated by these actions, the argument that "law enforcement lacked probable cause to arrest petitioner" falls under the Fourth Amendment. See *Walker v. Heimgartner*, No. 15-CV-3230-DDC, 2017 WL 1197645, at *12 (D. Kan. 2017) (memorandum and order). Petitioner could have received full and fair litigation of this claim on direct

appeal had he raised it. Thus, it appears that Ground 1 alleges only a claim that is not actionable for federal habeas review.

**Exhaustion**

A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition."). The exhaustion requirement exists to "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas Supreme Court, either by way of direct appeal or by state post-conviction motion, or "[i]n all appeals from criminal convictions or post-conviction relief on or after July 1, 2018," he must have presented a claim to the KCOA and the KCOA must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

> "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can

pursue available state-court remedies. However, dismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds. Where the relevant state courts would now find those claims procedurally barred, there is a procedural default for purposes of federal habeas review. A petitioner may overcome the procedural bar only if he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted).

To demonstrate cause, Petitioner must "show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rules." *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). If Petitioner fails to demonstrate cause, the Court need not consider whether he can establish the requisite prejudice. *See Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995). The "fundamental miscarriage of justice" exception is available only in the "extraordinary" case of one who is "innocent of the crime." *Gilbert v. Scott*, 941 F.3d 1065, 1068 n.2 (10th Cir. 1991). To support a claim of actual innocence, Petitioner "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *See Schlup v. Delo*, 513 U.S. 298, 327 (1995). Ordinarily, this exception "requires [the] petitioner to support his allegation of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.

### Ground 2

In Ground 2, Petitioner asserts that "[c]oerced statements of the victim were used to convict" him. (Doc. 1, p. 6.) Once again,

Petitioner has not identified the federal Constitutional right he believes was violated by using the victim's statements at trial. In any event, however, it appears that Petitioner did not exhaust this claim in state court as required. Petitioner concedes that he did not raise this issue on direct appeal, but he asserts that he raised it in his first 60-1507 motion and that the KCOA denied it "partially on the merits." (Doc. 1, p. 7.)

The KCOA opinion affirming the denial of Petitioner's first 60-1507 motion does not support this assertion. Although the KCOA identified over 20 issues Petitioner raised, the only mention of a victim's "coerced statements" was Petitioner's argument that trial counsel provided ineffective assistance "when she failed to move to suppress T.J.'s coerced statements." *Tiger II*, 2018 WL 4376775, at *2. A direct challenge to the use of coerced statements is distinct from an argument that trial counsel was ineffective for failing to move to suppress those statements. In order to exhaust state remedies, a claim must be "fairly presented" to the state court; in other words, the claim raised in the state court must have the same substance as the grounds he asserts in the current federal habeas petition. See *Simpson v. Carpenter*, 912 F.3d 542, 564-55 (10th Cir. 2018). It does not appear that Petitioner raised the argument he now categorizes as Ground 2 to the state courts; thus, he has failed to show that he exhausted available state remedies for Ground 2.

### Ground 9

Petitioner contends that the retroactive application of K.S.A. 22-3402(g) is unconstitutional. (Doc. 1, p. 19.) He acknowledges that that he did not present this argument to the state courts, stating that he did not do so "because the Kansas Supreme Court has

already decided the issue in *State v. Brownlee* but defendant moves this court to agree with the rationale of the dissent in that case." *Id.* at 11. The Tenth Circuit has held that "exhaustion of state remedies is not required where the state's highest court has recently decided the precise legal issue that petitioner seeks to raise on his federal habeas petition. In such a case, resort to state judicial remedies would be futile." *See Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir. 1991).

But the portion of *Brownlee*, 302 Kan. 491, 508-11 (2015), that addresses K.S.A. 22-3402(g) did not consider its constitutionality. See 302 Kan. at 508-11. Similarly, the dissent, with which Petitioner urges this Court to agree, does not analyze the constitutionality of the statutory provision. See *Id.* at 524-28. (Luckert, J., dissenting). Thus, Petitioner's argument that *Brownlee* rendered exhaustion of state remedies unnecessary and futile with respect to his Ground 9 is unpersuasive. Petitioner has failed to show that he exhausted the available state remedies for Ground 2.

As explained above, the Court usually will dismiss unexhausted claims without prejudice so that a petitioner may pursue exhaustion in the state courts. At this point, however, Petitioner's direct appeal is final and any collateral attack under 60-1507 would likely be procedurally barred as untimely and successive. Thus, the Court will apply an anticipatory procedural bar to Grounds 2 and 9 of the instant habeas petition. *See Rouse v. Romero*, 531 Fed. Appx. 907, 909 n.5 (10th Cir. 2013) ("[A]n anticipatory procedural bar occurs when the federal courts apply [a] procedural bar to an unexhausted claim that would be procedurally barred under state law if the

petitioner returned to state court to exhaust it." (internal quotation marks omitted)). To overcome an anticipatory procedural bar and avoid summary dismissal of Grounds 2 and 9, Petitioner must show either cause for the default and actual prejudice as a result of the alleged constitutional violation or that the failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent.

**Procedural default**

Similarly, federal courts "do not review issues that have been defaulted on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 13178 (10th Cir. 1998). In other words, "[w]hen a state court dismisses a federal claim on the basis of noncompliance with adequate and independent state procedural rules, federal courts ordinarily consider such claims procedurally barred and refuse to consider them." *Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012).

### Grounds 7 and 8

In Ground 7, Petitioner alleges trial counsel was ineffective for failing to file a motion to suppress unspecified "evidence obtained in violation of the [F]ourth [A]mendment." (Doc. 1, p. 17.) In Ground 8, Petitioner argues that trial counsel was ineffective for failing to file a motion to suppress T.J.'s allegedly involuntary statement to police. (Doc. 1, p. 18.) Petitioner concedes that he did not raise these issues on direct appeal and raised them for the first time in his first 60-1507 motion, when the district court denied them. (Doc. 1, 5-6, 17-18.)

Petitioner characterizes the KCOA's holding on appeal as a denial "partially on the merits." *Id.* A review of the KCOA's opinion, however, shows that the district court and the KCOA found these claims procedurally barred; it held that Petitioner "had his day in court on this issue" and could not "relitigat[e] the effectiveness of his trial counsel as the issue was previously raised and denied." *Tiger II*, 2018 WL 4376775, at *3-4. Thus, this Court will not review them unless Petitioner shows the required cause and prejudice or shows that the failure to consider the claims will result in a fundamental miscarriage of justice.[1]

**Proceedings pending in state court**

Finally, it appears that there may be a related proceeding currently pending in the KSC. (See Doc. 1, p. 12.) *See also* Kansas Appellate Courts Case No. 122,692, *pet. for rev. filed* April 19, 2021. It does not appear that any of Petitioner's grounds for relief in the instant federal habeas petition are implicated in the ongoing Kansas state-court proceedings. Out of an abundance of caution, however, the Court directs the Petitioner to identify any ongoing state-court proceedings related to the convictions and sentences at issue in this petition. Petitioner should also identify the claims raised in such state-court proceedings.

**Conclusion**

In summary, Petitioner is directed to show why the Court should not dismiss Ground 1 for failure to state a claim that is actionable in federal habeas, dismiss Grounds 2 and 9 as unexhausted and procedurally barred, and dismiss Grounds 7 and 8 as procedurally

---

[1] In addition, Ground 7 appears to be a Fourth Amendment claim and, as such, is not an actionable ground for federal habeas relief unless Petitioner was not afforded an opportunity to fully and fairly litigate it in state court.

defaulted. Petitioner is also directed to inform the Court of any current state-court proceedings related to the convictions and sentences at the heart of this federal habeas petition and articulate the claims set forth in those proceedings.

**IT IS THEREFORE ORDERD** that Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) is **granted.**

**IT IS FURTHER ORDERED THAT** Petitioner is granted until July 21, 2021, in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his Grounds 1, 2, 7, 8, and 9 for habeas relief should not be dismissed for the reasons stated above.

**IT IS SO ORDERED.**

DATED: This 21st day of June, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge