# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PIDY T. TIGER,

        Petitioner,

  v.                                    CASE NO. 19-3088-SAC

SAM CLINE,

        Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner's response to the Court's June 21, 2021 Memorandum and Order ("MO"). For the reasons stated below, the Court dismisses with prejudice Grounds 1, 2, 7 8, and 9. The Court will allow Petitioner the opportunity to file an amended petition.

**Background**

On May 8, 2019, Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) After conducting an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts, the Court identified several deficiencies. In the MO, the Court explained those deficiencies and directed Petitioner to show cause why the Court should not dismiss Grounds 1, 2, 7, 8, and 9.(Doc. 3, p. 10-11.) Petitioner filed his response to the MO on June 29, 2021. (Doc. 4.)

**Analysis**

### Ground 1

Petitioner contends in Ground 1 that police lacked probable

cause to arrest him and the State used evidence illegally obtained from that arrest to convict him, which appears to be a Fourth Amendment Claim. (Doc. 1, p. 6.) As noted in the MO, as long as "the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *See Stone v. Powell*, 428 U.S. 465, 494 (1976). (Doc. 3, p. 4.) Since Petitioner could have raised Ground 1 on direct appeal, the State of Kansas provided the required opportunity for full and fair litigation and Petitioner's Ground 1 alleges only a claim that is not actionable for federal habeas review. *Id.* at 4-5.

In his response, Petitioner does not address Ground 1 explicitly. However, he asserts that all his grounds for relief "stem from a violation of [his] fundamental right to due process." (Doc. 4, p. 2.) The context for Petitioner's due process assertion, however, is a discussion of his speedy trial rights. He has not explained how his Ground 1 arguments regarding his initial arrest and the evidence obtained therefrom relate to his "fundamental right to due process." "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (citation omitted). Thus, Petitioner has not shown good cause why the Court should not dismiss Ground 1.

### Grounds 2, 7, and 8

In Ground 2, Petitioner asserts that "[c]oerced statements of

the victim were used to convict" him. (Doc. 1, p. 6.) In Ground 7, Petitioner alleges trial counsel was ineffective for failing to file a motion to suppress unspecified "evidence obtained in violation of the [F]ourth [A]mendment." (Doc. 1, p. 17.) In Ground 8, Petitioner argues that trial counsel was ineffective for failing to file a motion to suppress T.J.'s allegedly involuntary statement to police. (Doc. 1, p. 18.) As noted in the MO, it appears Petitioner has not exhausted these claims in state court. (Doc. 3, p. 8-10.)

In his response, Petitioner asserts that he relied on his appellate counsel to identify and raise all meritorious issues. (Doc. 4, p. 3-4.) Liberally construing Petitioner's argument, he contends that his appellate counsel's ineffectiveness—in failing to raise Grounds 2, 7, and 8 in state court—caused Petitioner's failure to exhaust state court remedies for those issues.

For the ineffective assistance of counsel to excuse procedural default of a claim, "the assistance must have been so ineffective as to violate the Federal Constitution." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). In other words, for appellate counsel's failure to raise these issues to excuse the failure to exhaust state court remedies, the failure to raise these issues must independently constitute ineffective assistance of counsel in violation of the Federal Constitution. Like any other independent constitutional claim, Petitioner therefore must have argued to the state courts that appellate counsel was ineffective on this basis before he may argue it here. *See id.* at 452 (holding that ineffective assistance of counsel "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'").

There is no indication that Petitioner has argued to the Kansas state courts that appellate counsel provided ineffective assistance in violation of the Federal Constitution by failing to argue that (1) a victim's coerced statements were used to convict him (Ground 2); (2) trial counsel was ineffective for failing to file a motion to suppress "evidence obtained in violation of the [F]ourth [A]mendment" (Ground 7); or (3) trial counsel was ineffective for failing to file a motion to suppress T.J.'s statement to police (Ground 8). Moreover, the state courts would likely find any such challenges at this point procedurally barred as untimely. See *State v. Tiger*, 2021 WL 1045178, at *3 (Kan. Ct. App. 2021)(holding that Petitioner's most recent two 60-1507 motions were properly dismissed as untimely). Petitioner has not shown sufficient cause for his failure to argue in state court that appellate counsel was ineffective for failing to argue Grounds 2, 7, and 8, so those ineffective assistance of appellate counsel claims are procedurally defaulted. Therefore, he may not now rely on the alleged ineffective assistance of appellate counsel to provide sufficient cause for the failure to raise the issues in Grounds 2, 7, and 8 to the state courts.

Petitioner has failed to show sufficient cause why he did not exhaust his state court remedies on the issues raised in Grounds 2, 7, and 8 and, as such, this Court cannot consider those asserted grounds for relief.

### Ground 9

In Ground 9 of his petition, Petitioner contends that the retroactive application of K.S.A. 22-3402(g) is unconstitutional. (Doc. 1, p. 19.) In the MO, the Court rejected Petitioner's argument

that he did not need to raise this issue in the state court because the Kansas Supreme Court (KSC) had already decided the issue. (Doc. 3, p. 7-8.) The Court also concluded that a procedural bar would likely apply if Petitioner attempted now to return to state court to exhaust this argument, so it directed Petitioner to either show the cause and prejudice required to overcome the anticipatory procedural bar or show that the Court's refusal to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent. (Doc. 3, p. 8-9.)

In his response, Petitioner asserts, without citation to any legal authority, that "any attempt to litigate the issue of the constitutionality of K.S.A. 22-3402(g) would be procedurally barred in the State Court" and that "ordered liberty would call for this court to act" where the State of Kansas relied upon an unconstitutional statute to secure Petitioner's criminal conviction. (Doc. 4, p. 4.) He also argues that this Court should find that the KSC had a "duty" to sua sponte address the constitutionality of K.S.A. 22-3402(g) and that the KSC implicitly found the statute constitutional because the KSC applied the statute without holding it unconstitutional. *Id.* at 7-8.

Petitioner's response does not establish good cause for his failure to squarely present to the state courts and exhaust his argument that K.S.A. 22-3402(g) is unconstitutional, nor does it establish Petitioner's actual innocence. Thus, Petitioner has failed to overcome the anticipatory procedural bar and the Court will not consider Ground 9.

**Ground 10**

In his response, Petitioner refers to Ground 10, in which he

argues for the first time that his convictions and sentence are illegal under *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). (Doc. 4, p. 4-6.) It appears that Petitioner wishes to add Ground 10 to his petition, which currently contains only 9 grounds for relief. The Court will allow Petitioner the opportunity to amend his petition to add Ground 10, with the following direction.

Petitioner asserts that he made the argument in his proposed Ground 10 in state district court, "which denied relief on Mar[ch] 19, 2021[,] ruling only that the petitioner's sentence was 'legal.'" *Id.* at 8. Petitioner contends that he filed a notice of appeal and requested appointment of counsel, but the district court has not appointed counsel and it appears that Petitioner has not attempted to docket his appeal. *Id.* Petitioner asserts that he would now be barred from pursuing his appeal "for failure to docket the appeal on time" and because the district court's ruling did not address jurisdiction. *Id.*

By these assertions, Petitioner indicates to the Court that he has not exhausted his state court remedies with respect to Ground 10, and he does not intend to do so because he believes he would be procedurally barred from doing so. He argues that because he "has been diligent in attempting to present this issue to the state court" and because there has been "a change in the law," the Court should excuse his failure to exhaust and his procedural default of the claim. Petitioner generally cites to *Williams v. Taylor*, 529 U.S. 362 (2000), and *Coleman v. Thompson*, 501 U.S. 722 (1991), in support of his position that his diligence and a change in the law warrant overlooking his failure to exhaust, but he does not identify the parts of those opinions he believes support his position. (Doc.

4, p. 8.) To the extent that *Williams* discusses the impact of a petitioner's diligence, it is in the context of a petitioner's failure to develop a factual basis in state court for a claim later raised in a federal habeas action. See *Williams*, 529 U.S. at 430-37. Similarly, *Coleman* does not appear to support Petitioner's argument at all.

It is also questionable whether Petitioner is correct in his assertion that he is procedurally barred from pursuing further remedies in state court with respect to his proposed Ground 10. Petitioner states that the time to docket an appeal has expired. The failure to timely docket an appeal does not necessarily preclude review by Kansas appellate courts. Kansas Supreme Court Rule 2.04(a)(4) allows a litigant to move to docket an appeal out of time when there is good cause for the failure to timely docket an appeal.

**Conclusion**

For the reasons stated above, Grounds 1, 2, 7, 8, and 9 are dismissed with prejudice. Because Petitioner appears to wish to amend his petition to add the argument he titles Ground 10, the Court will allow Petitioner the opportunity to file a complete and proper amended petition that presents only the claims now known as Grounds 3, 4, 5, and 6 and the proposed Ground 10 Petitioner articulated in his response to this Court's MO. In his amended petition, Petitioner must address the exhaustion of Ground 10.

If Petitioner submits an amended petition, it must be on court-approved forms and must be complete in and of itself; it may not refer back to an earlier version of the petition or attempt to incorporate by reference other filings with this Court. Any grounds

for relief not included in the amended petition will not be considered before the Court. Petitioner must include the case number of this action (19-3088) on the first page of the amended petition.

If Petitioner fails to submit an amended petition consistent with these directions, the action may proceed and be decided on Grounds 3, 4, 5, and 6 as articulated in the currently operative petition.

**IT IS THEREFORE ORDERED** that Grounds 1, 2, 7, 8, and 9 are dismissed with prejudice.

**IT IS FURTHER ORDERED THAT** Petitioner is granted until August 9, 2021, in which to file a complete and proper amended complaint.

**IT IS SO ORDERED.**

DATED: This 9th day of July, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge