```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**PIDY T. TIGER,**

                    **Petitioner,**

       v.                                      **CASE NO. 19-3088-SAC**

**SAM CLINE,**

                    **Respondent.**

### MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner's amended petition, filed in response to the Court's July 9, 2021 Memorandum and Order ("MO"). The Court has conducted an initial review of the amended petition and will direct Petitioner to submit additional information about the exhaustion of Ground 5.

**Background**

On May 8, 2019, Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) After conducting an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts, the Court identified several deficiencies. The Court explained those deficiencies and directed Petitioner to show cause why the Court should not dismiss Grounds 1, 2, 7, 8, and 9.(Doc. 3, p. 10-11.) In his response, Petitioner added a new ground for relief, arguing for the first time that his convictions and sentence are illegal under *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). (Doc. 4, p. 4-6.) That ground for relief is hereinafter referred to as the *McGirt* claim.

The Court considered the response and, on July 9, 2021, issued

a second MO dismissing several grounds for relief and allowing Petitioner the opportunity to file an amended petition that presented only the four surviving claims from the initial petition and the *McGirt* claim. (Doc. 5, p. 5-6.) Noting that it appeared Petitioner had not exhausted his state court remedies with respect to the *McGirt* claim nor did he appear to be procedurally barred from doing so, the Court directed Petitioner, in his amended petition, to further address the exhaustion of the *McGirt* claim. *Id.* at 7. Petitioner did so.

**Analysis**

A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

Even considering the information included in the amended petition, Petitioner has not met his burden to show he has exhausted available state remedies on the *McGirt* claim. In his response to the June MO, Petitioner asserted that he raised the *McGirt* claim in state district court, "which denied relief on Mar[ch] 19, 2021[,] ruling only that the petitioner's sentence was 'legal.'" (Doc. 4, p. 8.) He asserted that he filed a notice of appeal and requested appointment of counsel, but the district court had not appointed counsel. *Id.* In its July MO, this Court noted that it appeared that

Petitioner had not attempted to docket an appeal from that ruling. (Doc. 5, p. 6.)

In his amended petition, Petitioner concedes that he has failed to exhaust state remedies with respect to the *McGirt* claim. (Doc. 6, p. 24 ("[T]his court should consider petitioner's failure to exhaust has occurred through no fault of his own.").)

> "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies. However, dismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds. Where the relevant state courts would now find those claims procedurally barred, there is a procedural default for purposes of federal habeas review." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted).

Petitioner believes that he is now procedurally barred from pursuing his *McGirt* claim on appeal in the state courts. (Doc. 4, p. 8.) The Court expressed doubt as to the validity of that belief in its July MO, noting that although the time to docket an appeal may have expired, Kansas appellate courts have established a procedure for docketing an appeal out of time when there is good cause for failing to timely docket. (Doc. 5, p. 7.)

In his amended petition, Petitioner asserts that he "has been unable to appeal [the district court's] ruling [in the action involving the *McGirt* claim] to a higher court due to the intentional and subversive tactics of the district court." (Doc. 6, p. 24.) He contends that "[t]he district court has a history of not appointing counsel to file appeals for the petitioner which is required by statute." *Id.* In support, he attaches a KCOA order entered in one of Petitioner's other state-court appeals noting that Petitioner statutorily was entitled to appellate counsel in a 60-1507

proceeding and, although Petitioner had asked the district court to appoint counsel, it had not done so. (Doc. 6-1, p. 6-7.)

That order also notes, however, that the "case was docketed in this court by Tiger without counsel." *Id.* at 6. Thus, Petitioner knows how to docket an appeal without the assistance of counsel, undermining his argument that he could not pursue an appeal because the district court's refusal to appoint counsel. Moreover, the *McGirt* claim is jurisdictional, so this Court cannot conclude that it could not be raised in a state-court motion to correct illegal sentence pursuant to K.S.A. 22-3504.[1] Finally, it appears from the online records of the Clerk of the Appellate Courts of Kansas that Petitioner has at least three cases currently pending in the Kansas appellate courts. *See Tiger v. Judges Goering and Syrios*, No. 124,192 (mandamus action docketed July 26, 2021); *State v. Tiger*, No. 124,184 (60-1507 proceeding, motion to docket appeal out of time filed July 23, 2021); and *State v. Tiger*, No. 122,692 (60-1507 proceeding, petition for review filed April 19, 2021). It is unclear from the online records, however, whether any of those actions include the *McGirt* claim.

For the reasons stated above, the Court cannot rule out the possibility that the Kansas state courts would entertain the *McGirt* claim.

> "A district court confronted with a mixed petition [including both exhausted and unexhausted claims] may either '(1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits.' The court may also permit the petitioner to

---

[1] "The court may correct an illegal sentence at any time while the defendant is serving such sentence." K.S.A. 22-3504(a). "'Illegal sentence' means a sentence: Imposed by a court without jurisdiction . . . ." K.S.A. 22-3504(c)(1).

delete the unexhausted claim from his petition and proceed only on the exhausted claims, or, if the equities favor such an approach, it may stay the federal habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust the previously unexhausted claims." *Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016).

Because additional information may resolve whether Petitioner has exhausted the *McGirt* claim or whether he is procedurally barred from doing so, the Court will direct Petitioner to inform the Court whether the *McGirt* claim is included in *any* action currently pending in a state court. If it is, Petitioner shall identify the action by case number and identify the state court in which the action is pending. If it is not, Petitioner shall so inform the Court and inform the Court whether he intends to raise it in any anticipated state-court action. Petitioner may also present any additional argument he wishes regarding his exhaustion of the *McGirt* claim or why this Court should consider the claim if it is unexhausted. A failure to comply with this order may result in the petition being dismissed without prejudice for failure to exhaust all claims.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and until August 30, 2021, to provide the Court, in writing, additional information regarding exhaustion of his *McGirt* claim.

**IT IS SO ORDERED.**

DATED:  This 29th day of July, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge