**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**PIDY T. TIGER,**

                **Petitioner,**

      v.                                        **CASE NO. 19-3088-SAC**

**SAM CLINE,**

                **Respondent.**

**MEMORANDUM AND ORDER**

    This matter comes before the Court on Petitioner's response (Doc. 8) to the Court's July 29, 2021 Memorandum and Order ("MO"). For the reasons explained below, the Court will hold this matter in abeyance while Petitioner exhausts available state-court remedies.

**Background**

    On May 8, 2019, Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) After conducting an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts, the Court identified several deficiencies and directed Petitioner to show cause why the Court should not dismiss some of his asserted grounds for relief.(Doc. 3.) In his response, Petitioner added a new ground for relief, arguing for the first time that his convictions and sentence are illegal under *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). (Doc. 4, p. 4-6.) That ground for relief is hereinafter referred to as the *McGirt* claim.

    On July 9, 2021, the Court issued a second Memorandum and Order (MO) dismissing several asserted grounds for relief and allowing

Petitioner the opportunity to file an amended petition that presented only the four surviving claims from the initial petition and the *McGirt* claim. (Doc. 5.) Noting that it appeared Petitioner had not exhausted his state court remedies with respect to the *McGirt* claim nor did he appear to be procedurally barred from doing so, the Court also directed Petitioner, in his amended petition, to further address the exhaustion of the *McGirt* claim. *Id.* at 7.

On July 23, 2021, Petitioner filed his amended petition, in which he included additional information about exhaustion of the *McGirt* claim. (Doc. 6.) The Court reviewed the amended petition and concluded that Petitioner had not met his burden to show he has exhausted available state remedies on the *McGirt* claim. Thus, on July 29, 2021, the Court issued a third MO, seeking additional information related to exhaustion of the *McGirt* claim. (Doc. 7.) Specifically, the Court directed Petitioner to inform the Court whether the *McGirt* claim is included in *any* action currently pending in a state court.

Petitioner filed his response to the MO on August 13, 2021. (Doc. 8.) Therein, he has provided additional information about the ongoing state-court proceedings, which include a petition for mandamus before the Kansas Supreme Court in case number 124,192, and an appeal from the denial of a motion to correct illegal sentence before the Kansas Court of Appeals in case number 124,184.[1] The mandamus action and the appeal both raise the *McGirt* claim. (See Doc. 8, p. 2-3.)

In his response to the most recent MO, Petitioner argues that

---

[1] The Kansas Appellate Courts' online records reflect that this case is currently remanded to the district court for appointment of counsel.

the exhaustion requirement does not apply to claims that a state court lacked subject matter jurisdiction. *Id.* at 3-4. The Court disagrees. *See Blanket v. Watkins*, 44 F. App'x 350, 351 (10th Cir. 2002) (unpublished opinion) ("[Petitioner's] proffered reason for not exhausting—that the State . . . lacks jurisdiction over these claims—lacks merit."); *Waddell v. Crow*, 2021 WL 2932742, *1 (W.D. Okla. July 12, 2021) (unpublished order) (rejecting claim that "Petitioner . . . did not have to exhaust his state court remedies because Oklahoma lacks subject matter jurisdiction under the Supreme Court's recent decision in *McGirt*").

Petitioner also argues that even if exhaustion is required, the Court should consider his *McGirt* claim regardless because the state court clearly abused its discretion. (Doc. 8, p. 4-5.) In support, he cites *Magnan v. Trammell*, 719 F.3d 1159 (10th Cir. 2013), and *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017). Those cases are unpersuasive and materially distinguishable because in both *Magnan* and *Murphy*, the petitioners exhausted their claims in state court. *See Murphy*, 875 F.3d at 910; *Magnan*, 875 F.3d at 1162. In addition, "[t]he exhaustion requirement is not one to be overlooked lightly" and instead should be "'strictly enforced.'" *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995.)

Finally, Petitioner asks that if exhaustion is required and the Court declines to overlook the failure to exhaust, the Court hold the current petition in abeyance while he exhausts his state-court remedies. (Doc. 8, p. 5-6.)

> "A district court confronted with a mixed petition [including both exhausted and unexhausted claims] may either '(1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits.' The court may also permit the petitioner to

delete the unexhausted claim from his petition and proceed only on the exhausted claims, or, if the equities favor such an approach, it may stay the federal habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust the previously unexhausted claims." *Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016).

The Court has carefully considered all the information before it and concludes that equities favor holding the petition in abeyance until the conclusion of the relevant state-court proceedings. Petitioner shall promptly notify the Court, in writing, upon the conclusion of the mandamus action proceeding under case number 124,192 and upon the conclusion of the appeal currently proceeding in the KCOA under case number 124,184. When both matters are concluded and Petitioner has exhausted his state-court remedies with respect to his *McGirt* claim, the Court will lift the order of abeyance and this habeas action will proceed.

**IT IS THEREFORE ORDERED** that this matter is held in abeyance and stayed pending Petitioner's exhaustion of available state-court remedies.

**IT IS FURTHER ORDERED** that Petitioner shall notify the Court, in writing, at the conclusion of the state-court proceedings as directed.

**IT IS SO ORDERED.**

DATED:  This 29th day of September, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge