IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PIDY T. TIGER,

                Petitioner,

      v.                                CASE NO. 19-3088-JWL-JPO

SAM CLINE,

                Respondent.

**MEMORANDUM AND ORDER**

On May 8, 2019, Kansas prisoner Pidy T. Tiger filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se and in forma pauperis. The Court has ordered Respondent to file his answer to the petition on or before January 3, 2023. (Doc. 16.) This matter comes now before the Court on Petitioner's motion to amend his petition (Doc. 19) to add a sixth ground for relief arguing that his constitutional right to be present at all critical stages of his trial was violated. *Id.* For the reasons set forth below, the Court will deny the motion.

A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15(a) governs amendment of a pleading before trial. A party may amend a pleading "once as a matter of course" if the party does so either within 21 days of serving the pleading or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." F. R. Civ. P. 15(a)(1). All other amendments require "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A "court should freely give leave" to amend pleadings "when justice so requires." *Id.*

In addition, however, Local Rule 15.1(a)(2) requires Petitioner to "attach the proposed

1

pleading" to the motion to amend his petition. Petitioner has not done so. The Court could deny the present motion without prejudice for that reason alone, but instead will address additional problems with the proposed amendment so that Petitioner may better weigh whether to refile a motion to amend that complies with the local rules.

When deciding whether to grant a motion to amend because when the claim sought to be added would be subject to dismissal, the motion to amend may be denied as futile. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). In order to determine whether the proposed claim would be futile, the Court must consider whether it was exhausted in the state courts. *See Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) ("'A threshold question that must be addressed in every habeas case is that of exhaustion.'"). Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies."). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

As Petitioner asserts in his motion, he argued the violation of his constitutional right to be present to the Kansas Court of Appeals (KCOA) in case number 122,692. (Doc. 19, p. 1); *see State v. Tiger*, 2021 WL 1045178 (Kan. Ct. App. Mar. 19, 2021) (unpublished), *rev. denied* Aug. 27, 2021. The KCOA ultimately affirmed the district court's dismissal of the matter as untimely filed. *See Tiger*, 2021 WL 1045178, at *1, 7; K.S.A. 60-1507(f) (establishing time limitations for motions brought under this statute). Because resolution of some of Petitioner's arguments in his current motion to amend depends on a thorough understanding of the KCOA's analysis, it is related here in

detail.

Specifically, the KCOA "focuse[ed] on [Petitioner's] attempts to overcome the substantial procedural hurdles inherent in his successive and untimely motions." *Tiger*, 2021 WL 1045178, at *3. With respect to timeliness, the KCOA noted that Petitioner "tacitly concede[d]" that his motions were untimely filed, so he could only proceed if extension of the time limitation in K.S.A. 60-1507(f) was necessary "to prevent a manifest injustice." *Id.* at *4. The KCOA was statutorily limited to considering two factors to determine manifest injustice: (1) "'why the prisoner failed to file the motion within the one-year time limitation'" and (2) "'whether the prisoner makes a colorable claim of actual innocence'" by showing "'it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence.'" *Id.* (quoting K.S.A. 2020 Supp. 60-1507(f)(2)(A)).

After determining that Petitioner had failed to adequately support a claim of actual innocence, the KCOA turned to Petitioner's "more complex" argument that the Kansas Supreme Court's decision in *State v. Wright*, 305 Kan. 1176 (2017), was "the reason for his delay in timely filing his 60-1507 motion." *Tiger*, 2021 WL 1045178, at *4. The KCOA explained that *Wright* "determined [that] because a continuance hearing is a critical stage that implicates the constitutional right to be present, . . . a constitutional remedy is appropriate if the district court violates this right." *Id.* (citing *Wright*, 305 Kan. at 1179). In essence, Petitioner argued to the KCOA that he did not earlier assert the violation of his constitutional right to be present at a continuance hearing "because the law supporting it did not exist." *Id.*

The KCOA rejected this argument, first finding that "the alleged 'change in the law' in *Wright* is only the recognition that the proper remedy for a violation of a defendant's right to be present at [a] continuance hearing . . . is the constitutional harmless error standard." *Id.* at *6. The KCOA then addressed "whether the rule announced in *Wright* applies retroactively to cases such as Tiger's that are already final and are before the court on collateral review." *Id.* In large part, the

3

KCOA relied on Kansas state law to inform its analysis. *See id.* at *6-7.

After concluding that *Wright* did not involve "substantive changes in the law," the KCOA explained that under Kansas law, Petitioner therefore "must meet the second exception" to Kansas' general rule against retroactivity "by showing that *Wright* is a watershed rule." *Id.* at *6. In doing so, the KCOA cited United States Supreme Court caselaw defining the "'extremely narrow'" class of "'watershed rules of criminal procedure.'" *Id.* (quoting *Schiriro v. Summerlin*, 542 U.S. 348, 352 (2004). The KCOA further highlighted that the United States Supreme Court has not found watershed rulings even in highly consequential cases like *Crawford v. Washington*, 541 U.S. 36 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Pointing out that Petitioner had "fail[ed] to explain how *Wright* implicates fundamental fairness and the accuracy of a criminal proceeding[ a]nd he fail[ed] to explain why *Wright*'s rule falls in this extremely narrow class when cases such as *Apprendi* do not," the KCOA "conclude[d] that *Wright* is not a watershed ruling." *Id.* at 7. Thus, "*Wright* does not apply retroactively to cases on collateral review [so] it cannot help Tiger overcome the bar of untimeliness" of his 60-1507 motion. *Id.* As a result, the KCOA affirmed the district court's dismissal of the motion as untimely and did not rule on the underlying question of whether Petitioner's right to be present at all critical stages of his trial was violated.

Returning to the context of Petitioner's proposed amendment to his habeas petition in this Court, it is well established that when a "claim has been presented [in the state court] for the first and only time in a procedural context in which its merits will not be considered," a federal habeas court will not consider the claim "unless there are special and important reasons therefor." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In other words, "[w]hen a state court dismisses a federal claim on the basis of noncompliance with adequate and independent state procedural rules, federal courts ordinarily consider such claims procedurally barred [or procedurally defaulted] and refuse to consider them." *Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012). If this Court could not

4

consider the merits of Petitioner's proposed additional ground for relief because it is procedurally barred, allowing the amendment to the operative petition would be futile.

Here, the Kansas courts declined to consider the merits of Petitioner's arguments because it was untimely under K.S.A. 60-1507(f). Petitioner does not dispute that K.S.A. 60-1507(f) constitutes an independent and adequate state procedural rule governing the timing of motions filed thereunder, nor does he argue that the KCOA did not find his motion was untimely filed. Thus, the argument in issue was procedurally defaulted. Federal habeas review of a procedurally defaulted claim "is barred unless the prisoner can [(1)] demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or [(2)] demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner does not argue the applicability of the fundamental miscarriage of justice exception. He does, however, argue that the ineffective assistance of his "appellate counsel" is cause for the default. (Doc. 19, p. 1.) But Petitioner has had multiple attorneys represent him in various appeals to the state courts and he fails to specifically identify which counsel he refers to in this motion. This identification is necessary because the United States Supreme Court has explained that in order for ineffective assistance of counsel to constitute "cause" that excuses a procedural default, "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" which "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Thus, counsel's failure to argue that Petitioner's constitutional right to be present was violated can only constitute cause to excuse the procedural default if Petitioner has properly presented to the state courts the argument

5

that the same counsel was unconstitutionally ineffective for failing to so argue.

In order to determine whether Petitioner did so, the Court must know which counsel Petitioner believes was ineffective and in which appeal Petitioner made this argument to the Kansas appellate courts. The Court independently has reviewed some of the opinions issued in Petitioner's state-court appeals, but as the KCOA noted, "[m]any issues briefed by Tiger are hard to follow." *See Tiger v. State*, 2018 WL 4376775, at *1 (Kan. Ct. App. Sep. 14, 2018) (unpublished), *rev. denied* April 29, 2019. Although it is clear that Petitioner argued at different times that multiple counsel were ineffective, *see Tiger*, 2021 WL 10451478, at *3, the complicated procedural posture of Petitioner's many state-court proceedings leaves unclear whether Petitioner exhausted the argument he now asserts as cause for the procedural default of his right-to-be-present claim. As stated above, Petitioner bears the burden to show exhaustion. He has not done so.

If Petitioner wishes to resubmit his motion to amend the petition and include additional information regarding exhaustion, he must comply with the relevant rules and must submit a proposed amended petition along with his motion. The proposed amended petition must be on court-approved forms and it must be complete in and of itself. To be clear, a proposed amended petition may not refer back to any earlier version of the petition and may not attempt to incorporate by reference any earlier filings with this Court. If the Court grants a future motion to amend, the proposed amended petition will be filed and any grounds for relief not included in the proposed amended petition will not be considered before the Court. Petitioner must include the case number of this action (19-3088) on the first page of any proposed amended petition he submits.

The Court further notes that Petitioner previously has expressed concern about the length of time this matter has been pending. (*See* Doc. 17.) Any amendment to the petition at this point would further delay resolution of this matter, as Respondent would be granted additional time to file his answer.

Finally, liberally construing the motion, as is appropriate because Petitioner proceeds pro se, it appears that Petitioner argues that the KCOA's holding that his motion was untimely is contrary to clearly established federal law because it rested on a misapplication of the test in *Teague v. Lane*, 489 U.S. 288 (1989), to determine that *Wright* was not retroactively applicable to cases such as Petitioner's. (Doc. 19, p. 2.) Even liberally construing this as an argument asserting cause for Petitioner's procedural default of his proposed claim, it is unpersuasive. It is clear from the KCOA's opinion that it relied on state law governing retroactivity in its analysis; it did not rely on *Teague*. A nonexistent misapplication of federal law does not constitute cause to overcome a procedural default. *See Sherrill v. Hargett*, 184 F.3d 1172, (10th Cir. 1999) (holding an "ineffective assistance of appellate counsel claim . . . has no merit and cannot constitute 'cause' for his procedural default in state court").

**IT IS THEREFORE ORDERED** that Petitioner's motion to amend the petition (Doc. 19) is **denied without prejudice**.

**IT IS SO ORDERED.**

DATED:   This 1st day of December, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge