## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PIDY T. TIGER,

                                        Petitioner,

                v.                                        CASE NO. 19-3088-JWL-JPO

SAM CLINE,

                                        Respondent.


### MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. It comes now before the Court on Petitioner's motion for discovery (Doc. 23), his objection to the Court granting the Respondent's most recent motion for extension of time (Doc. 24), and Respondent's motion to dismiss (Doc. 25).

### Motion for Discovery (Doc. 23)

Petitioner moves the Court to allow discovery and he has included proposed interrogatories. (Docs. 23 and 23-1.) He asserts that discovery would assist the Court in resolving this matter "by clearly defining any critical factual or legal dispute" and by allowing Petitioner, if Respondent denies any of the interrogatories, to present evidence supporting his position. (Doc. 23.)

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Curtis v. Chester*, 626 F.3d 540, 549 (10th Cir. 2010) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1977)). Under Habeas Rule 6, the Court may permit discovery if Petitioner shows "good cause" and, "if necessary for effective discovery, the judge must appoint an attorney for a petitioner" who is financially unable to retain counsel. But "[g]enerally speaking, federal habeas review is limited to the record that was before the state court that adjudicated the claim on the merits." *Simpson v. Carpenter*, 912 F.3d 542, 575 (10th Cir.

1

2018) (internal quotation marks and citations omitted).

At this time, there is no need for Petitioner to conduct discovery to identify the issues in contention in this matter. Petitioner has ably stated his arguments in the operative amended petition (Doc. 6) and the supplemental brief (Doc. 13). Respondent's agreement or disagreement with Petitioner's position and arguments will be included in the answer, which is due on or before February 2, 2023 and which will present "[a]n analysis of each of [the grounds alleged in Petitioner's pleading] and supporting documents relied upon by Respondent in opposition to the same." (*See* Doc. 14, p. 2.) The Court has reviewed the proposed interrogatories and finds that most, if not all, of them will likely be addressed in the answer.

Similarly, discovery is not necessary to enable Petitioner to respond to Respondent's position. Once Petitioner receives a copy of the answer, he will have 30 days to prepare a traverse in response. If 30 days is insufficient, Petitioner may file a motion for extension of time at the appropriate time with this Court. Finally, because a federal court conducting habeas review of a state court's ruling generally is limited to the record that was before the state court, there is no current need to enlarge the record through additional discovery. Thus, the Court will deny the motion for discovery (Doc. 23) without prejudice to Petitioner refiling it at a later time if the relevant circumstances change.

### Objection to Extension of Time (Doc. 24)

Petitioner contends that the reasons given to support the motion for extension of time are inadequate and potentially misleading and that Petitioner should not suffer an additional delay in resolving this matter due to the volume of Respondent's caseload. (Doc. 24, p. 1-2.) Petitioner asks the Court to either prohibit Respondent from filing an answer or, in the alternative, require Respondent to show additional cause why he is entitled to the extension of time. *Id.* at 2.

Whether to grant a motion for extension of time to file an answer in a § 2254 action is a decision left to the discretion of the Court. *See Bradin v. Thomas*, 823 Fed. Appx. 648, 656 (10th Cir. 2020) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016). Moreover, "Habeas Rule 4 . . . contains no fixed time requirement but instead gives district courts

2

considerable discretion in setting deadlines for responses to habeas petitions." *Id.* The Advisory Committee Note to Rule 4 further states that the rule "gives the court the discretion to take into account various factors before determining a time within which an answer must be made."

The motion for extension of time now at issue advised the Court that the Kansas Attorney General's Office, which represents Respondent, had three attorneys responsible for handling 42 state criminal appeals that were "pending briefing," additional cases in motion practice or with upcoming oral argument, and an additional two federal habeas matters for which answers are due. (Doc. 21, p. 1-2.) Petitioner asserts that Respondent "has provided misleading information to the court by implying respondent is responsible for briefing forty-two state appeals. In Kansas the [c]ounty [district attorneys] brief[] virtually all appeals." (Doc. 24, p. 1.) That assertion is unpersuasive. It fails to take into account K.S.A. 75-768, which states that no brief may be filed on behalf of Kansas or any officer or agent thereof   "[i]n a criminal matter or postconviction case in the Kansas supreme court or the Kansas court of appeals . . . unless the approval of the attorney general or a member of the attorney general's staff is endorsed on the brief." Thus, the Court finds that the motion for extension of time was not misleading and that Respondent showed good cause justifying the extension of time.

The answer was originally due on November 5, 2022 and is now due on February 2, 2023. The extension of time at issue accounts for 30 days of that period. The Court has cautioned Respondent that no further extensions will be granted absent exceptional circumstances. (Doc. 22.) Considering the overall length of time afforded Respondent to file his answer, the complexity of this matter, the reasons given for the extension, and Petitioner's objections to the extension, the Court concludes that granting the extension was neither erroneous nor contrary to law. *See* Fed. R. Civ. P. 72(a) (governing objections to a magistrate judge's resolution of a referred nondispositive matter). Thus, Petitioner's objection to the Court's order granting Respondent until February 2, 2023 to file his answer is overruled.

## Motion to Dismiss (Doc. 25)

Respondent has filed a motion to dismiss this matter without prejudice for failure to exhaust

state court remedies. (Doc. 25.) The Rules Governing Section 2254 Cases in the United States District Courts state that if a petition is not dismissed after initial review, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rule 4, 28 U.S.C.A. foll. § 2254. In this matter, the Court ordered Respondent to file an answer. (Doc. 14.) The Tenth Circuit has explained that "[u]nless a district court expressly authorizes a respondent to file a specific motion of some type, the respondent should interpret any ambiguous Rule 4 order--such as a directive to file *only* a 'response' to a petition--as calling for the full-blown answer contemplated by Rule 5." *Fontenot v. Crow*, 4 F.4th 982, 1059-60 (10th Cir. 2021) (emphasis added).

This Court's order was not ambiguous; it directed Respondent to file an answer and did not authorize the filing of a motion to dismiss. (Doc. 14.) Therefore, the motion to dismiss will be denied. Respondent remains obligated to file a "full-blown answer contemplated by Rule 5" on or before February 2, 2023. He may include any procedural arguments he wishes in the answer.

**IT IS THEREFORE ORDERED** that Petitioner's motion for discovery (Doc. 23) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's objections to the extension of time (Doc. 24) are **overruled**.

**IT IS FURTHER ORDERED** that Respondent's motion to dismiss (Doc. 25) is **denied.**

**IT IS SO ORDERED.**

DATED:   This 9th day of January, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge