IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PIDY T. TIGER,

          Petitioner,

   v.              CASE NO. 19-3088-JWL

SAM CLINE,

          Respondent.

**MEMORANDUM AND ORDER**

   This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Respondent filed his answer, or response to the petition, on January 31, 2023. (Doc. 28.) The Court is awaiting Petitioner's traverse thereto. This matter comes now before the Court on Petitioner's motion for summary judgment (Doc. 32) and his motion to strike the answer (Doc. 33).

   Petitioner moves the Court to grant partial summary judgment in his favor. (Doc. 32, p. 1.) Specifically, Petitioner seeks summary judgment on Ground 5 of the petition, which is his argument that the State of Kansas lacked jurisdiction to criminally prosecute him. (See Doc. 13.) Federal Rule of Civil Procedure 56, under which Petitioner brings this motion, states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 12 of the Rules Governing § 2254 Cases in the United States District Courts states that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." But the United States Supreme Court has long held that habeas corpus proceedings are "unique." *See Harris v. Nelson*, 394 U.S. 286, 294 (1969). Thus, federal courts sitting in habeas matters *may* utilize and apply procedures contemplated by the Federal Rules of Civil Procedure, but they are not *required* to do so. *See id.* at 293-95.

1

In habeas proceedings such as this one, it is already contemplated that after the petition and answer are filed and Petitioner has the opportunity to file a traverse, or reply to the answer, the Court will review the parties' arguments, the relevant law, and the relevant state-court records to determine whether Petitioner has shown entitlement to federal habeas corpus relief from his state-court imposed custody. In the current motion, Petitioner asserts that Respondent has not satisfactorily contested the factual assertions and legal conclusions Petitioner made in the petition and Petitioner disputes the exhaustion argument Respondent made in the answer. (Doc. 32.) But these type of arguments are best directed to the Court as part of Petitioner's traverse, not in the current form of a motion for summary judgment. Thus, the Court will deny the current motion for partial summary judgment. Petitioner is free to include the arguments therein in his traverse if he chooses to file one.

In the motion to strike, Petitioner asks the Court to either strike the answer from the record or order Respondent to "make a more definitive statement" that responds to each allegation and argument contained in the petition and the relevant supplemental briefing. (Doc. 33.) In the alternative, Petitioner asks the Court to hold that, for the purposes of this action, facts asserted by Petitioner and not addressed by Respondent will be considered stipulated or conceded. *Id.*

Generally speaking, the factual basis for a federal habeas claim by a state prisoner such as Petitioner must be developed in the state courts. *See Shinn v. Ramirez*, 142 S. Ct. 1718, 1728 (2022). Respondent has filed the necessary state court records and if there are factual questions that need further development for resolution of this matter, the Court will address those after Petitioner has filed his traverse or the time in which to do so has expired. Thus, the Court will deny the motion to strike.

To be clear, Petitioner may include in his traverse any arguments related to the sufficiency or persuasiveness of Respondent's arguments in the answer, including but not limited to the arguments contained in the two motions the Court today denies. Because the Court's ruling on these motions may require Petitioner to adjust the contents of his traverse, the Court will extend the time in which Petitioner may file his traverse to and including March 17, 2023.

**IT IS THEREFORE ORDERED** that Petitioner's motion for summary judgment (Doc. 32) and motion to strike (Doc. 33) are **denied.** Petitioner is granted to and including March 17, 2023 in which to file his traverse.

**IT IS SO ORDERED.**

DATED:   This 15th day of February, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge