**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**PIDY T. TIGER,**

**Petitioner,**

      **v.**                                        **CASE NO. 19-3088-JWL**

**SAM CLINE,**

**Respondent.**

**<u>MEMORANDUM AND ORDER</u>**

This matter is a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner and state prisoner Pidy T. Tiger challenges his state court convictions of rape and aggravated indecent liberties with a child. He proceeds pro se and in forma pauperis. Briefing is complete as of February 27, 2023. After an initial review of the petition, supplemental briefing, answer, and traverse, the Court concludes that the interests of comity require that this matter be stayed until resolution of the petition for review currently pending before the Kansas Supreme Court in *State v. Tiger*, Case No. 124,532. *See Ryan v. Gonzales*, 568 U.S. 57, 73-74 (2013) (holding that in federal habeas matters, "'[d]istrict courts . . . ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion.' [Citations omitted.]").

Petitioner asserts five grounds for relief in this federal habeas matter:  he makes four assertions of ineffective assistance of counsel and, in Ground Five, he contends that his conviction and sentence were rendered without jurisdiction in light of the United States Supreme Court's ruling in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). This matter previously was stayed so that Petitioner could exhaust the *McGirt* issue in the state courts. (Doc. 9.) In September 2022, Petitioner informed this Court that the Kansas Court of Appeals had denied relief on Ground Five,

1

rendering the claim exhausted. (Doc. 11.) Thus, this Court lifted the stay and this case proceeded. (Doc. 12.)

The following day, however, Petitioner filed in the state appellate courts a petition for review by the Kansas Supreme Court of the Kansas Court of Appeals' decision on the *McGirt* issue. He did not inform this Court that he had done so; Respondent did so in a motion to dismiss filed in January 2023, arguing that the *McGirt* claim was unexhausted and this Court should dismiss this matter without prejudice. (Doc. 25.) The Court denied the motion to dismiss as procedurally improper. (Doc. 26.) In the answer, Respondent reasserts this argument and adds that in addition to the exhaustion requirement, general principles of comity require dismissal without prejudice of this matter. (Doc. 28, p. 27-28.) In the traverse, Petitioner argues that Kansas Supreme Court Rule 8.03B(a), which states that a claim is considered fully exhausted in the state courts when it "has been presented to the Court of Appeals and relief has been denied"; in other words, "a party is not required to petition for supreme Court review . . . to exhaust all available state remedies." See Kan. S. Ct. R. 8.03B(a); (Doc. 35, p. 8-9.)

Petitioner directs this Court's attention to *Ellis v. Raemisch*, 872 F.3d 1064, 1076-82 (10th Cir. 2017). In *Ellis*, the Tenth Circuit examined the effect of Colorado Appellate Rule 51.1; like Rule 8.03B(a) in Kansas, the Colorado Rule stated that litigants were not required to seek review in the Colorado Supreme Court of an adverse decision of the Colorado Court of Appeals in order to exhaust all available that court remedies. *Id.* at 1077.  After an extensive analysis, the Tenth Circuit ruled that the Colorado Rule rendered Colorado Supreme Court review "unavailable" in the context of the federal habeas exhaustion requirement. *Id.* at 1076-82. Thus, the litigant in *Ellis*, who had not petitioned for supreme court review of the adverse court of appeals decision on his ineffective assistance of counsel claim, had nevertheless exhausted state court remedies on that

claim. *Id.* at 1077.

Petitioner's point regarding *Ellis* is well-taken, but the material difference in this matter is that Petitioner has filed a petition for review with the Kansas Supreme Court, while the petitioner in *Ellis* did not seek the same sort of discretionary review in the Colorado Supreme Court. If Petitioner had not filed a petition for review, *Ellis* makes clear that the *McGirt* claim would be sufficiently exhausted in the state courts. Because Petitioner filed a petition for review, however, the adverse order from the Kansas Court of Appeals is not final. Kansas Supreme Court Rule 8.03(k) states:

> The timely filing of a petition for review stays the issuance of the mandate of the Court of Appeals.
>
> (1) Pending the Supreme Court's determination on the petition for review . . . , the Court of Appeals decision is not binding on the parties or on the district courts. An interested person that wishes to cite a Court of Appeals decision for persuasive authority before the mandate has been issued must note in the citation that the case is not final and may be subject to review or rehearing.
> (2) If a petition for review is granted, the Court of Appeals decision has no force or effect, and the mandate will not issue until disposition of the appeal on review.
> . . . .
> (4) If a petition for review is denied, the Court of Appeals decision is final as of the date of the denial . . . .

When Rule 8.03(k) is read in conjunction with Rule 8.03(B)(a), it is plain that the state-court proceedings related to the *McGirt* issue are not final. The Court declines, however, to dismiss this matter without prejudice, as Respondent requests. The interplay between Rule 8.03(k), 8.03B(a), and the federal habeas exhaustion requirement is a relatively new area of the law; this Court's independent research revealed no legal precedent addressing it in any detail. In addition, had the Court been aware that Petitioner intended to file a petition for review with the Kansas Supreme Court in the matter involving the *McGirt* issue, it likely would not have lifted the stay of

these proceedings in September 2022. Finally, the Court notes that although the length of time this matter has been pending weighs in favor of a speedy resolution of the matter, it also means that if this Court dismissed this matter, even without prejudice as Respondent requests, Petitioner would likely be time-barred from bringing his claims in a subsequent petition under § 2254. After carefully considering all the information before it, the Court concludes that the equities favor reinstating the stay of this matter and holding it in abeyance until the conclusion of the proceedings in state appeal number 124,532. *See Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016).

Therefore, the Court will order this matter stayed and held in abeyance until the Kansas Supreme Court enters a final order in the related and currently pending state appeal. When the state appeal is final, the Court will lift the stay and issue further orders as necessary. If Petitioner does not wish that this matter be stayed until the Kansas Supreme Court rules on his petition for review and completes any subsequent proceedings, he must voluntarily dismiss his petition for review by following the procedure set forth in Kansas Supreme Court Rule 8.03(j). If Petitioner chooses to voluntarily dismiss his petition for review, he shall so notify this Court, in writing, within 14 days of the voluntary dismissal and attach, if possible, the notice of dismissal he filed in the Kansas Supreme Court. If Petitioner chooses to pursue his petition for review currently pending in the Kansas Supreme Court, he shall file a written report with this Court advising the Court of the status of the state-court proceeding on or before June 1, 2023 or within 14 days of the Kansas Supreme Court's entry of any dispositive order in that matter, whichever occurs first.

**IT IS THEREFORE ORDERED** that this matter is stayed and held in abeyance pending a final order in the related state court appeal, which is proceeding under Kansas appellate court case number 124,532.

**IT IS FURTHER ORDERED** that Petitioner shall file a written report with this Court advising the Court of the status of the state court appeal on or before June 1, 2023 or within 14 days of the Kansas Supreme Court's entry of a dispositive order in that matter, whichever occurs first.

**IT IS SO ORDERED.**

DATED:  This 1st day of March, 2023, at Kansas City, Kansas.


<u>s/ John W. Lungstrum</u>

JOHN W. LUNGSTRUM
United States District Judge