## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PIDY T. TIGER,

                              Petitioner,

                    v.                                        CASE NO. 19-3088-JWL

SAM CLINE,

                              Respondent.


## MEMORANDUM AND ORDER

Petitioner Pidy T. Tiger, a state prisoner, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 8, 2019. (Doc. 1.) He challenged his state court convictions of rape and aggravated indecent liberties with a child on five grounds. (Doc. 6.) On April 14, 2023, the Court issued a memorandum and order (M&O) addressing the five asserted grounds for relief, concluding that Petitioner is not entitled to federal habeas corpus relief, and denying the petition. (Doc. 39.) The matter comes now before the Court on Petitioner's motion to reconsider, submitted for filing on April 18, 2023. (Doc. 41.) The Court has carefully considered and liberally construed the arguments made in the pro se motion to reconsider and concludes, for the reasons set forth below, that the motion will be denied.

### Standards for Motions to Reconsider

Petitioner does not identify the legal authority under which he seeks reconsideration of this Court's dispositive order. (Doc. 41.) Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or (60)." D. Kan. Rule 7.3(a). Because the present motion to reconsider is timely whether

brought under Rule 59(e) or Rule 60, the Court will consider whether to grant the motion under either Rule.

The Court may grant a motion to amend judgment under Rule 59(e) only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000). Under Rule 60(b), the Court may order relief from a final judgment, but only in exceptional circumstances. *See id.* at 1009. Specifically, Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

A Rule 60(b) motion is "not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." *Nutter v. Wefald*, 885 F. Supp. 1445, 1450 (D. Kan. 1995). Similarly, a motion under Rule 59(e) is not to be used to present supporting facts that could have been presented in earlier filings. *Servants of the Paraclete*, 294 F.3d at 1012. And the Tenth

Circuit recently reiterated that "a Rule 59(e) motion isn't the appropriate vehicle in which to advance for the first time 'arguments that could have been raised earlier' in the proceedings." *Eaton v. Pacheco*, 931 F.3d 1009, 1028 (10th Cir. 2019). In other words, when considering a Rule 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020).

## Analysis

Many of the arguments in Petitioner's motion for reconsideration simply renew unsuccessful arguments Petitioner made in earlier pleadings, which the Court has already considered and rejected. For example, Petitioner argues in his motion that Ground One was, in fact, exhausted because it relied on the same underlying facts as other claims of ineffective assistance of counsel that were raised to the state courts. Petitioner argues that "the sole difference is in legalease [*sic*]." (Doc. 41, p. 3.) The Court considered and rejected this argument in the M&O. (Doc. 39, p. 10-12.) Similarly, the Court considered and rejected in the M&O the arguments that (1) this Court should consider the merits of Ground One despite the failure to exhaust because Petitioner suffered a constitutional due process violation; (2) the Kansas Court of Appeals' (KCOA) conclusion that Petitioner requested the voluntary intoxication instruction was an unreasonable determination of fact; and (3) *Negonsott v. Samuels*, 507 U.S. 99 (1993), is distinguishable from Petitioner's case. The Court will not address these arguments further and finds that they are not sufficient to persuade the Court to reconsider its conclusions in the M&O.

Other arguments in the motion to reconsider could have been raised in an earlier pleading but were not. Under the legal standards set forth above, the Court also declines to address these portions of the motion to reconsider. *See Banister*, 140 S. Ct. at 1703; *Eaton*, 931 F.3d at 1028; *Servants of the Paraclete*, 294 F.3d at 1012; *Nutter*, 885 F. Supp. at 1450. Such arguments include

(1) even if Ground One was unexhausted, there is sufficient cause to overcome the anticipatory procedural bar; (2) the KCOA and this Court erred by not applying the test in *Smith v. Robbins*, 528 U.S. 259 (2000), in relation to the arguments now made in Ground Two; (3) the arguments for reconsideration of Ground Three that address counsel's failure to investigate and Petitioner's constitutional right to a jury trial; and (4) the request that the Court reconsider stay this matter so that Petitioner may exhaust in state court a claim that he raised for the first time in his traverse and that is related to Ground Five.

Finally, some of the arguments in the present motion to reconsider appear to be based on erroneous beliefs about what this Court considered while analyzing Petitioner's claims or an erroneous understanding of this Court's role when analyzing a federal habeas petition for relief from a state court judgment. As explained in the M&O, this Court's role is not to determine independently or in the first instance whether Petitioner' constitutional rights were violated. (Doc. 39, p. 14.) Rather, this Court determines whether the state court's decision on the issue was contrary to or an unreasonable application of clearly established federal law or whether it was based on an unreasonable finding of fact. *Id.* Considering these parameters, Petitioner's current assertions that this Court misapplied the federal law controlling allegations of ineffective assistance of counsel are unavailing. The Court properly applied the legal standards governing analysis under 28 U.S.C. § 2254 and sees no need to reconsider its conclusions on Ground Three or Ground Four.

Similarly, Petitioner appears to believe that, when deciding Ground Five, this Court was under the misimpression that the United States Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), is not enforceable in Kansas. (Doc. 41, p. 6.) He points to the Court's statement in the M&O that "Petitioner must first show that there exists 'clearly established Federal

4

law' holding that the reasoning in *McGirt* extends to the Kansas land on which Petitioner committed his crimes." *Id.*; (Doc. 39, p. 30). Petitioner asks this Court to "reconsider its decision requiring [him] to show that a U.S. Supreme Court decision extends to a particular geographical location within the United States." (Doc. 41, p. 6.)

To clarify for Petitioner, the Court is and was aware that the Supreme Court's rulings on issues of federal constitutional law are binding on the entire United States. What the Court intended to convey by the above-quoted statement and the surrounding text is that the first step to obtaining relief under 28 U.S.C. § 2254(d)(1) is showing that there was "clearly established federal law" on the issue at hand. (See Doc. 39, p. 12, 30.) As the M&O noted (Doc. 39, p. 12), the Tenth Circuit has explained that "clearly established Federal law" in the habeas context refers only to "holdings of the Supreme Court, not dicta" and while "[i]t isn't necessary for the holding to have had its genesis in [a] closely-related or similar factual context to the case at issue, . . . the Supreme Court must have expressly extended the legal rule to [the relevant] context." *See Andrew v. White*, 62 F.4th 1299, 1311 (2023).

It appeared from Petitioner's pleadings that he identified *McGirt* as the "clearly established federal law" relevant to his arguments for habeas relief in Ground Five. But the issue in *McGirt* was whether land identified by treaty and "located in what is now Oklahoma . . . remains an Indian reservation for purposes of federal criminal law." *See McGirt*, 140 S. Ct. at 2459. Thus, the Court intended to convey that Petitioner needed to show that the holding in *McGirt* that specific Oklahoma land remained an Indian reservation has been extended to also hold that the Kansas land on which Petitioner committed his crimes remained an Indian reservation. The Court held that Petitioner "has not done so. Thus, the § 2254(d)(1) inquiry ends." (Doc. 39, p. 30.)

Petitioner now argues that the "sole proposition" in *McGirt* that he relies on is "that treaties

are the Supreme law of the land." (Doc. 41, p. 6.) If this is so, however, it does not affect the Court's conclusion in the M&O that Petitioner had failed to show there was "clearly established Federal law" that the state court unreasonably applied when deciding his *McGirt* claim or to which the state court's decision was contrary. In other words, if Petitioner depends on *McGirt* only for the legal principle that treaties take precedence, he still has failed to identify "clearly established Federal law" that addresses his argument that the state of Kansas lacked jurisdiction to prosecute him for crimes committed in Kansas. Although Petitioner uses well-established legal principles, the definition of "clearly established Federal law" is different, as it was explained in the M&O. And, as noted in the M&O, the clearly established Federal law—as laid out in *Negonsott*, 507 U.S. at 105—supports the KCOA's rejection of Petitioner's arguments. (*See* Doc. 39, p. 30.)

Next, Petitioner argues that this Court

> unreasonably altered the fundamental bases [*sic*] of [his] argument when the court declared 'at the base of petitioner's arguments is the premise that the Kansas Act did not confer jurisdiction to Kansas state courts over crimes committed by Indians in Indian country. To the contrary, the petitioner acknowledges the grant of jurisdiction within the Kansas Act but strenuously asserts that unless and until [C]ongress specifically says otherwise members of the Creek Nation are exempt from that jurisdiction by virtue of the rights secured by the treaty of 1856.

(Doc. 41, p. 6 (internal citations omitted).)

This argument is illogical. The Court noted that Petitioner argued that the Kansas Act did not give the state of Kansas jurisdiction to criminally prosecute him (an alleged member of the Creek Nation) for his crimes (which were allegedly committed in Indian country). Petitioner simply restates this premise in other words: that the Kansas Act did not affect the reservation of criminal jurisdiction over him (and other Creek Nation members) that was secured to the tribe by the 1856 treaty. However it is phrased, the Court's understanding of the argument and Petitioner's understanding appear to be the same. The Court sees no need to reconsider its resolution of Ground Five..

Finally, Petitioner argues that the Court "failed to consider [his] argument that the Kansas Act preserved the U.S. Supreme Court holding in U.S. v. Quiver, 241 [*sic*] holding the relations of [I]ndians among themselves is to be controlled by the laws of the tribe." (Doc. 41, p. 7.) The Court assures Petitioner that it considered his arguments related to *United States v. Quiver*, 241 U.S. 602 (1916), but declined to address them explicitly in the M&O out of a wish for efficiency. *Quiver* does not affect the Court's denial of relief on Ground Five because it addressed a situation in which there was no federal penal statute that provided for punishing "bigamy, polygamy, incest, adultery or fornication" by Indians, and such matters were historically dealt with according to tribal customs and laws. 241 U.S. at 604-05. Unlike in *Quiver*, however, there is a federal statute addressing jurisdiction over the relevant crimes:  the Kansas Act. Thus, *Quiver* is easily and materially distinguishable.

## Conclusion

Whether his motion is considered under Rule 59 or Rule 60, Petitioner has not met the standard for reconsideration or relief from the judgment of this Court. He has not established an intervening change in the controlling law, the availability of evidence that could not have been obtained prior to the M&O, or the need to correct clear error or prevent manifest injustice, as needed for relief under Rule 59. Nor has he demonstrated mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief under Rule 60. Petitioner has shown no persuasive reason for the Court to reconsider the conclusions set forth in the M&O.

**IT IS THEREFORE ORDERED** that the motion for reconsideration (Doc. 41) is **denied**.

**IT IS SO ORDERED.**

DATED:   This 25th day of April, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

7