IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PIDY T. TIGER,**

                       **Petitioner,**

      v.                                   CASE NO. 19-3088-JWL

**SAM CLINE,**

                       **Respondent.**

## MEMORANDUM AND ORDER

      Petitioner Pidy T. Tiger, a state prisoner, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 8, 2019. (Doc. 1.) He challenged his state court convictions of rape and aggravated indecent liberties with a child on five grounds. (Doc. 6.) On April 14, 2023, the Court issued a memorandum and order (M&O) addressing the five asserted grounds for relief, concluding that Petitioner is not entitled to federal habeas corpus relief, and denying the petition. (Doc. 39.) Petitioner filed a motion to reconsider on April 18, 2023 (Doc. 41), which the Court denied in an order issued on April 25, 2023 (Doc. 42.) The matter comes now before the Court on Petitioner's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59, which he appears to have submitted for filing prior to this Court's order on the previous motion to reconsider. (Doc. 43.)

      As explained in the April 25, 2023 order, the Court may grant a motion to amend judgment under Rule 59(e) only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest

injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000). "[A] Rule 59(e) motion isn't the appropriate vehicle in which to advance for the first time 'arguments that could have been raised earlier' in the proceedings." *Eaton v. Pacheco*, 931 F.3d 1009, 1028 (10th Cir. 2019). In other words, when considering a Rule 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020).

The Court has carefully reviewed Petitioner's motion and finds that it merely asserts arguments that could have been made before the dispositive order in this matter. Specifically, Petitioner "moves the court to consider" a 2013 case he asserts is "directly on point." Doc. 43, p. 1.) As such, the motion does not show entitlement to relief under Rule 59(e). The motion is denied.

**IT IS THEREFORE ORDERED** that the motion to amend (Doc. 43) is **denied**.

**IT IS SO ORDERED.**

DATED:   This 27th day of April, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge