IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PIDY T. TIGER,

                              Petitioner,

        v.                                                          CASE NO. 19-3088-JWL

SAM CLINE,

                              Respondent.

**MEMORANDUM AND ORDER**

      In May 2019, Petitioner and state prisoner Pidy T. Tiger initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Petitioner challenged his state court convictions of rape and aggravated indecent liberties with a child. This matter was stayed and held in abeyance pending Petitioner's exhaustion of available state-court remedies. (Docs. 9 and 36.) Eventually, the state court proceedings concluded and, in April 2023, the Honorable John W. Lungstrum denied the petition and declined to issue a certificate of appealability. (Doc. 39.) Petitioner pursued an appeal, but in January 2024, the United States Court of Appeals for the Tenth Circuit denied a certificate of appealability and dismissed the appeal. (Doc. 50.) Petitioner then filed a petition for writ of certiorari with the United States Supreme Court, which was denied on May 13, 2024. (Docs. 51 and 52.) This matter comes now before the Court on Petitioner's motion for relief from judgment, filed June 13, 2024. (Doc. 53.)

      In the motion, Petitioner seeks relief under Federal Rule of Civil Procedure 60(b), asserting that the reasoning behind the previous denials of federal habeas relief "is no longer equitable or legally justifiable," based on what Petitioner deems "a mistake of law and fact." (Doc. 53, p. 1.) In support, Petitioner points to multiple United States Supreme Court cases that he asserts support

1

his claim that this Court and/or the Tenth Circuit[1] misapplied controlling law and erroneously concluded that Petitioner was not entitled to federal habeas relief. *Id.* at 1-3.

Although Petitioner titled his motion as seeking relief under Rule 60(b), this Court "must consider the 'relief sought, not the pleading's title'" to determine the nature of a pleading. *See Gray v. Bridges*, 2024 WL 2747573, *2 (quoting *In re Cline*, 531 F.3d 1249, 1253 (10th Cir. 2008)). The Tenth Circuit has previously instructed that "'a 60(b) motion is a [habeas] petition if it in substance or effect asserts . . . a federal basis for relief from the petitioner's underlying conviction.' *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006)." *Gray*, 2024 WL 2747573, at *2. Similarly, the United States Supreme Court has held that "a Rule 60(b) motion for 'relie[f] from a final judgment' denying habeas relief counts as a second or successive habeas application" if it "'attacks the federal court's previous resolution of a claim on the merits.'" *Bannister v. Davis*, 590 U.S. 504, 517-18 (2020) (quoting Fed. R. Civ. Proc. 60(b) and *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).

In the current motion, Petitioner argues that, under federal law, the State lacked jurisdiction to prosecute him for his crimes of conviction—an argument Petitioner made in Ground Five of his petition, which was denied on its merits. (*See* Doc. 39, p. 27-31.) Because Petitioner in this motion seeks to convince the Court that he is entitled to federal habeas relief from his state criminal convictions, the motion "is in fact a § 2254 petition" despite being titled as a Rule 60(b) motion. *See id.* at *2. As noted above, however, Petitioner filed a § 2254 petition in 2021, which this Court denied and for which the Tenth Circuit denied a certificate of appealability. Therefore, this motion is the second application for § 2254 relief. Under 28 U.SC. § 2244(b), "the filing of a second or

---

[1] The motion is captioned for filing in this Court and was submitted to this Court for filing, but the analysis Petitioner identifies as "a mistake of law and fact" comes from the Tenth Circuit's order denying a certificate of appealability and dismissing the appeal. (Doc. 53, p. 1.)

successive § 2254 application is tightly constrained." *See Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013).

Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). There is no indication that Petitioner has gained this required authorization from the Tenth Circuit. Without authorization from the Tenth Circuit, this Court lacks jurisdiction to consider a second or successive § 2254 petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Where a petitioner fails to obtain the prior authorization, a federal district court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Factors the Court considers when deciding whether a transfer is in the interest of justice include "whether the claim would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *Id.* (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006)). The Court has considered all relevant factors and concludes that the interest of justice would not be furthered by transferring this petition to the Tenth Circuit. The Court will instead dismiss the motion without prejudice for lack of jurisdiction. If Petitioner wishes, he may independently apply to the Tenth Circuit for authorization to proceed with a second or successive § 2254 petition challenging his state convictions.

Because the Court enters a decision adverse to Petitioner, it must consider whether to issue a certificate of appealability. Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." With respect to procedural rulings that do

not reach the merits of an underlying constitutional claim, the Court should issue a certificate of appealability "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a certificate of appealability. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason and, therefore, declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the motion for relief from judgment (Doc. 53) is substantively an unauthorized second or successive petition for writ of habeas corpus over which this Court lacks jurisdiction. Thus, the motion will be dismissed without prejudice and this matter will remain closed. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATE:  June 14, 2024.

s/ Toby Crouse
Toby Crouse
United States District Judge
