**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

PIDY T. TIGER,

                         **Petitioner,**

          v.                                                              **CASE NO. 19-3088-JWL**

SAM CLINE,

                         **Respondent.**

**<u>MEMORANDUM AND ORDER</u>**

On May 8, 2019, state prisoner and Petitioner Pidy T. Tiger filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) On April 14, 2023, the Court issued a memorandum and order analyzing the five asserted grounds for relief, denying the petition, and declining to issue a certificate of appealability. (Doc. 39.) Judgment was entered the same day. (Doc. 40.) On April 19, 2023, Petitioner filed a motion for reconsideration (Doc. 41), which was denied (Doc. 42), and on April 27, 2023, he filed a motion to alter or amend the judgment (Doc. 43), which was also denied (Doc. 44).

Petitioner then pursued an appeal and, on January 23, 2024, the Tenth Circuit denied a certificate of appealability and dismissed the appeal. (Doc. 50.) Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied on May 13, 2024. (Doc. 52.) On June 13, 2024, Petitioner filed in this Court a motion for relief from judgment (Doc. 53), which was dismissed for lack of jurisdiction because it was substantively an unauthorized second or successive petition for relief under § 2254 (Doc. 54). Now before the Court is Petitioner's "Motion to Reopen Judgment pursuant to Fed. Rule 60(b)," filed on July 3, 2024. (Doc. 55.)

Because this is a federal habeas proceeding, this Court must determine whether the motion now before it is a "true" Rule 60(b) motion or is substantively a second or successive habeas corpus

1

petition. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006). Petitioner asserts in his

motion that he "does not attack the district court's resolution of a claim on the merits" and he does

not "seek relief from a state conviction." (Doc. 55, p. 2.) Rather, Petitioner asserts that this Court

in its April 14, 2023 memorandum and order "mistakenly considered the merits of an argument

the petitioner did not make" and instead addressed the merits of a claim he did not make. *Id.* at 5.

Under *Spitznas*, the "contention that the district court failed to consider one of [a petitioner's]

habeas claims represents a 'true' 60(b) claim." *See* 464 F.3d at 1225.

> Rule 60(b) states:
>
> On motion and just terms, the court may relieve a party or its legal representative
> from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been
> discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier
> judgment that has been reversed or vacated; or applying it prospectively is no
> longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The language in the motion now before the Court makes clear that Petitioner seeks relief

under Rule 60(b)(1)—because the judgment was "based on a mistake of law and fact"—and/or

Rule 60(b)(3)—because the judgment was "obtained by fraud." (*See* Doc. 55, p. 1.) Although Rule

60(b)(6) allows relief from a final judgment for "any other reason that justifies relief," the United

States Supreme Court has explained that relief under Rule 60(b)(6) "is available only when Rules

60(b)(1) through (b)(5) are inapplicable." *See Kemp v. United States*, 596 U.S. 528, 533 (2022) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n. 11 (1988)). Here, Petitioner's asserted bases for reopening clearly fall under Rule 60(b)(1) and (3). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Judgment in this case was entered on April 14, 2023. Because Petitioner's current motion was filed more than one year later, it is untimely and must be denied.

In addition, even if the Court were to consider this motion on its merits, it would deny the motion. "Rule 60(b) relief is not properly granted where a party merely revisits the original issues and seeks to 'challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law *or misunderstood* [*the party's*] *position*.'" *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (citation omitted) (emphasis added). Petitioner, in his motion, asserts that this Court should reopen this matter because it misunderstood his arguments in Ground Five.[1] This is not a basis for Rule 60(b) relief. Thus, even if this motion were not time-barred, it would be denied on the merits. The motion to reopen will be denied and this case will remain closed. Petitioner is cautioned that further motions seeking to reopen this matter on these grounds may be summarily denied.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court declines to issue a certificate of appealability because its procedural rulings in this matter are not subject to debate among jurists of reason and because Petitioner has not made a substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

---

[1] Petitioner has made similar arguments in other post-judgment motions, which were denied. The Court sees no need to repeat the reasoning behind its denials here.

**IT IS THEREFORE ORDERED** that the motion to reopen judgment (Doc. 55) is **denied**.

No certificate of appealability shall issue. This matter shall remain closed.

**IT IS SO ORDERED.**

DATED:   This 10th day of July, 2024, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge