IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PIDY T. TIGER,

                Petitioner,

    v.                                                      CASE NO. 19-3088-JWL

SAM CLINE,

                Respondent.

**MEMORANDUM AND ORDER**

        Petitioner Pidy T. Tiger, a state prisoner, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 8, 2019. (Doc. 1.) He challenged his state court convictions of rape and aggravated indecent liberties with a child on five grounds. (Doc. 6.) On April 14, 2023, the Court issued a memorandum and order (M&O) addressing the five asserted grounds for relief, concluding that Petitioner is not entitled to federal habeas corpus relief, and denying the petition. (Doc. 39.) After this Court denied Petitioner's subsequent motion to reconsider and motion to alter or amend the judgment, Petitioner appealed. (Docs. 41, 42, 43, 44, and 45.) On January 23, 2024, the Tenth Circuit denied a certificate of appealability and dismissed the appeal and, on May 13, 2024, the United States Supreme Court denied Petitioner's petition for writ of certiorari. (Docs. 50 and 52.)

        On June 13, 2024, Petitioner returned to this Court and filed a motion for relief from the April 2023 judgment of this Court. (Doc. 53.) In an order issued on June 14, 2024, this Court dismissed the motion for lack of jurisdiction because it constituted an unauthorized second or successive petition for habeas relief. (Doc. 54). On July 3, 2024, Petitioner filed a "Motion to Reopen Judgment pursuant to Fed. Rule 60(b)." (Doc. 55.) This Court denied the motion as

1

untimely and, in the alternative, because it was unpersuasive on its merits. (Doc. 56.) Petitioner filed a notice of appeal from the denial and, four days later, filed in this Court a "Motion to Alter or Amend [Judgment] Pursuant to Fed. R. 59." (Doc. 60.)

As has been previously explained to Petitioner, the Court may grant a motion to amend judgment under Rule 59(e) only if he establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000). When considering a Rule 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). The Court has carefully reviewed Petitioner's motion and finds that it does not establish any basis for this Court to alter or amend either its prior orders or the judgment in this matter under Rule 59.

**IT IS THEREFORE ORDERED** that the motion to amend (Doc. 60) is **denied**.

**IT IS SO ORDERED.**

DATED:  This 22nd day of January, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum<br>
JOHN W. LUNGSTRUM<br>
United States District Judge

2