**FILED**
**U.S. District Court**
**District of Kansas**
06/17/2026
**Clerk, U.S. District Court**
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

PIDY T. TIGER,

                          Petitioner,

        v.                                                CASE NO. 19-3088-JWL

SAM CLINE,

                          Respondent.

**MEMORANDUM AND ORDER**

In May 2019, Petitioner and state prisoner Pidy T. Tiger initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) In April 2023, this Court denied the petition and declined to issue a certificate of appealability. (Doc. 39.) Petitioner filed a motion for reconsideration (Doc. 41) and a motion to alter or amend the judgment (Doc. 43), both of which were denied (Docs. 42 and 44). Petitioner pursued an appeal, but in January 2024, the United States Court of Appeals for the Tenth Circuit denied a certificate of appealability and dismissed the appeal. (Doc. 50.) Petitioner then filed a petition for writ of certiorari with the United States Supreme Court, which was denied on May 13, 2024. (Docs. 51 and 52.)

On June 13, 2024, Petitioner filed in this Court a motion for relief from judgment. (Doc. 53.) The following day, this Court issued a memorandum that stated, in relevant part:

> Although Petitioner titled his motion as seeking relief under Rule 60(b), this Court "must consider the 'relief sought, not the pleading's title'" to determine the nature of a pleading. *See Gray v. Bridges*, 2024 WL 2747573, *2 (quoting *In re Cline*, 531 F.3d 1249, 1253 (10th Cir. 2008)). The Tenth Circuit has previously instructed that "'a 60(b) motion is a [habeas] petition if it in substance or effect asserts . . . a federal basis for relief from the petitioner's underlying conviction.' *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006)." *Gray*, 2024 WL 2747573, at *2. Similarly, the United States Supreme Court has held that "a Rule 60(b) motion for 'relie[f] from a final judgment' denying habeas relief counts as a second or successive habeas application" if it "'attacks the federal court's previous resolution of a claim on the merits.'" *Bannister v. Davis*, 590 U.S. 504, 517-18

1

(2020) (quoting Fed. R. Civ. Proc. 60(b) and *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).

In the current motion, Petitioner argues that, under federal law, the State lacked jurisdiction to prosecute him for his crimes of conviction—an argument Petitioner made in Ground Five of his petition, which was denied on its merits. (*See* Doc. 39, p. 27-31.) Because Petitioner in this motion seeks to convince the Court that he is entitled to federal habeas relief from his state criminal convictions, the motion "is in fact a § 2254 petition" despite being titled as a Rule 60(b) motion. *See* [*Gray*, 2024 WL 2747573] at *2. As noted above, however, Petitioner filed a § 2254 petition in 2021, which this Court denied and for which the Tenth Circuit denied a certificate of appealability. Therefore, this motion is the second application for § 2254 relief. Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *See Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013).

Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). There is no indication that Petitioner has gained this required authorization from the Tenth Circuit. Without authorization from the Tenth Circuit, this Court lacks jurisdiction to consider a second or successive § 2254 petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Where a petitioner fails to obtain the prior authorization, a federal district court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Factors the Court considers when deciding whether a transfer is in the interest of justice include "whether the claim would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *Id.* (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006)). The Court has considered all relevant factors and concludes that the interest of justice would not be furthered by transferring this petition to the Tenth Circuit. The Court will instead dismiss the motion without prejudice for lack of jurisdiction. If Petitioner wishes, he may independently apply to the Tenth Circuit for authorization to proceed with a second or successive § 2254 petition challenging his state convictions.

(Doc. 54, p. 2-3.) The Court declined to issue a certificate of appealability of the dismissal. *Id.* at

3-4.

The following month, Petitioner filed a motion to reopen this case under Rule 60(b). (Doc.

55.) The Court considered the motion and concluded that it was a true Rule 60(b) motion but it

was untimely and, in the alternative, should be denied on the merits. (Doc. 56, p. 2-3.) Thus, the Court denied the motion and declined to issue a certificate of appealability. *Id.* Petitioner appealed the denial (Doc. 57), but in an order issued on May 27, 2025, the Tenth Circuit denied a certificate of appealability and dismissed the appeal.[1] (Doc. 63.)

This matter comes now before the Court on the "Request to [R]eopen Pursuant to Rule 60(b)(6)" Petitioner filed on June 12, 2026. (Doc. 64.) As this Court has previously explained to Petitioner, a motion for relief under Rule 60(b) is considered a second or successive application for federal habeas relief instead of a "true Rule 60(b) motion" if it asserts a basis for relief from the petitioner's underlying state-court conviction. (*See* Doc. 54, p. 2; Doc. 56, p. 1-2.) Petitioner's current motion expressly asks this Court to "reopen these proceedings and consider the issues raised again under a de novo standard of review." (Doc. 64, p. 2.) Therefore, the "Request to [R]eopen Pursuant to Rule 60(b)(6)" (Doc. 64) is in fact a § 2254 petition.

As with the second § 2254 petition Petitioner filed in June 2024, there is no indication that Petitioner has obtained from the Tenth Circuit the required authorization to pursue the second or successive § 2254 petition currently before the Court. *See* 28 U.S.C. § 2244(b)(3)(A). Thus, this Court lacks jurisdiction to consider the petition, even though it is titled as a motion seeking relief under Rule 60(b). *See Burton*, 549 U.S. at 153.

The Court has considered the relevant factors and concludes that it is not in the interest of justice to transfer this petition to the Tenth Circuit for possible authorization. As previously explained: "If Petitioner wishes, he may independently apply to the Tenth Circuit for authorization to proceed with a second or successive § 2254 petition challenging his state convictions." (Doc. 54, p. 3.) This is the second time Petitioner has filed in this closed case an unauthorized second or

---

[1] While the appeal was pending, Petitioner filed in this Court another motion to alter or amend judgment, which this Court denied. (*See* Docs. 60 and 62.)

successive application for federal habeas relief. Petitioner is cautioned that future unauthorized second or successive petitions for habeas corpus relief filed in this case will be summarily denied.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [("COA")] when it enters a final order adverse to the applicant." *See* 28 U.S.C.A. foll. § 2254. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and, therefore, declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the motion to reopen case (**Doc. 64**) is **dismissed without prejudice** because it is substantively an unauthorized second or successive petition for writ of habeas corpus over which this Court lacks jurisdiction. No certificate of appealability will issue. The Clerk is directed to close this matter.

**IT IS SO ORDERED.**

DATED:  This 17th day of June, 2026, at Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
